**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Clyde Smith, )<br>)<br>)<br>        Plaintiff, )<br>)<br>   v. )<br>)<br>)<br>Oil Ship, Inc.; Circle K Stores, Inc.; )<br>and John Doe, as manager of Circle K, )<br>)<br>)<br>)<br>        Defendants. )<br>_____) | Civil Action No. 2:22-cv-3877-RMG<br><br><br><br>**ORDER AND OPINION** |

     This matter comes before the Court pursuant to Plaintiff's motion to remand this case to the Dorchester County Court of Common Pleas. (Dkt. Nos. 7, 7-1). Defendants Circle K Stores, Inc. ("Circle K") and Oil Ship, Inc. ("Oil Ship") oppose the motion and assert that their removal of this action to federal court was proper because the sole legally identified South Carolina resident, Oil Ship, was fraudulently joined. (Dkt. No. 15). For reasons set forth below, Plaintiff's motion for remand is denied.

     By way of background, Plaintiff asserts he suffered an injury from a slip and fall which occurred in the parking lot of Circle K in Summerville, South Carolina. Plaintiff alleges that because of the "poor state of the parking lot" the pavement "crumbled beneath his feet and he fell." (Dkt. No. 1-1 at 3). Plaintiff alleges his claim has a value in excess of $75,000. Plaintiff alleges that Oil Ship owns the property where the injury occurred and is legally responsible for Plaintiff's injuries. Oil Ship asserts that it leased the property to Circle K, which has the duty under the lease to repair and maintain the premises during the lease term. (Dkt. No. 15-1 at 10). Plaintiff has also named a John Doe defendant and asserts that he is a South Carolina resident. (Dkt. No. 1-1 at 2).

1

Plaintiff brings this action under state common law so the only possible basis for this Court's jurisdiction is under diversity of citizenship pursuant to 28 U.S.C. § 1332. A federal court has diversity jurisdiction where the amount at issue exceeds $75,000 and the case is between citizens of different states. § 1332(a)(1). In assessing complete diversity, a fictitiously named defendant "shall be disregarded." 28 U.S.C. § 1441(b). In determining whether a defendant has been fraudulently joined, the removing party must show either outright fraud or that "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993).

Defendants Circle K and Oil Ship assert that Oil Ship is a fraudulently joined defendant because Oil Ship has no possible liability to Plaintiff since Oil Ship leased the property to Circle K. Under that lease, Circle K has the duty to repair and maintain the property. (Dkt. No. 15-1 at 10). The South Carolina Supreme Court has held that where a lessor leases a premises to a lessee, the lease is treated as "equivalent to the sale of the premises for the term of the lease." *Byerly v. Connor*, 415 S.E.2d 796, 798 (S.C. 1992). "In the absence of an agreement to the contrary, the lessor surrenders possession and control of the land to the lessee." *Id.* Once the premises "are surrendered in good condition, the lessor typically is not responsible for hazardous conditions which are thereafter developed or are created by the lessee." *Id*.

Plaintiff argues that Circle K and Oil Ship have not made a sufficient showing that the property was delivered under the lease in good condition. The Court notes that the lease was executed in 1997, nearly 25 years ago, and there is no evidence that the premises were not delivered in good condition. Furthermore, under the terms of the lease, Circle K assumed the duty to repair and maintain the premises once the lease was executed.

The Court finds that Defendants Circle K and Oil Ship have carried their burden to show that there is no possibility that Oil Ship, as the lessor of the property, has any liability to Plaintiff for his slip and fall claims which arose in November 2021. Thus, the Court finds that Oil Ship was fraudulently joined. The only legal entity properly named and served in this case is Circle K, and Plaintiff acknowledges that this defendant is organized under a state other than South Carolina. (Dkt. No. 1-1 at 2). The parties in this action are citizens of different states and Plaintiff has acknowledged that the claim exceeds $75,000. The Court, therefore, finds that the removal of this action to United States District Court by Circle K and Oil Ship was legally proper and there is no proper basis to remand the matter to state court. Plaintiff's motion to remand (Dkt. No. 7) is **DENIED**. Further, based upon the Court's finding that Oil Ship was fraudulently joined and has no possible liability in this matter, Oil Ship is dismissed as a party in this action.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

January 5, 2023
Charleston, South Carolina